■ In the Matter of SHAMAI LEIBOWITZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [897 NYS2d 754]—

Per Curiam. Respondent was admitted to practice by this Court in 2008. He resides in Silver Springs, Maryland.

Respondent was employed by the FBI in Maryland as a linguist. On December 17, 2009, he pleaded guilty in the United States District Court for the District of Maryland to an information charging him with disclosure of classified information, in violation of 18 USC § 798 (a) (3), a federal felony. According to the plea agreement, respondent provided classified information to an individual who hosted a public Internet blog resulting in intelligence sources and methods being compromised.

Petitioner moves pursuant to Judiciary Law § 90 (4) (f) to

---

**2.** In January 2002, petitioner became a half-time judge and thus entitled to full-time credit. He is now a full-time judge.

suspend respondent from the practice of law based upon his conviction of a serious crime, until such time as a final order of discipline is entered after respondent is sentenced in federal court (*see* Judiciary Law § 90 [4] [g]). Respondent acknowledges that he has been convicted of a serious crime, but requests that his interim suspension be set aside for good cause (*see* Judiciary Law § 90 [4] [f]).

We grant petitioner's motion. Respondent has been convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) and his interim suspension is required (*see* Judiciary Law § 90 [4] [f]; *see e.g. Matter of Izquierdo*, 56 AD3d 1117 [2008]). Given the nature of respondent's offense, we conclude that allowing him to continue to practice is not "consistent with the maintenance of the integrity and honor of the profession, the protection of the public [or] the interest of justice" (Judiciary Law § 90 [4] [f]), and we therefore deny his request to set aside the interim suspension.

Mercure, J.P., Peters, Spain, Stein and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent's request to set aside his interim suspension is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, pursuant to Judiciary Law § 90 (4) (f), until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).